# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRA L. G.,[1] <br>     Plaintiff, <br> v. <br> KILOLO KIJAKZI, <br> Acting Commissioner of Social Security, <br>     Defendant. | Case No. 5:20-cv-00447 AFM <br><br> **MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her application for a period of disability and disability insurance benefits. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issue. The matter is now ready for decision.

## BACKGROUND

On August 29, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits alleging an inability to work since May 15, 2000.

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

(Administrative Record ("AR") 138-39, 156.) Her application was denied initially and upon reconsideration. (AR 125-28, 133-37.) A hearing was held before Administrative Law Judge ("ALJ") M.J. Adams on August 21, 2012. (AR 37-58.) Plaintiff (represented by an attorney) and a vocational expert ("VE") testified at the hearing. (*Id*.) On January 17, 2013, ALJ Adams issued an unfavorable decision finding Plaintiff not disabled. (AR 20-31.) Plaintiff requested review of the ALJ's decision by the Appeals Council, which denied review on August 20, 2020. (AR 6-10.) Plaintiff then commenced a civil action. On May 16, 2017, this Court reversed the Commissioner's decision and remanded for further administrative proceedings. (AR 1116-1124.)

On November 5, 2018, a supplemental administrative hearing was held on Plaintiff's claim before ALJ Derek Johnson. Plaintiff (represented by an attorney), a VE and a medical expert testified at the supplemental hearing. (*Id*.) As accurately summarized in Plaintiff's opening brief in this matter, ALJ Johnson issued a decision on February 19, 2019 that denied Plaintiff's claim:

> Gates met the insured status requirements of the Act through December 31, 2005 and had not engaged in substantial gainful activity since the alleged onset date of May 15, 2000. (A.R. 1023, ¶1). The ALJ determined that Gates had not engaged in substantial gainful activity since the alleged onset date and suffered from severe impairments consisting of chronic pain syndrome secondary to a 1988 crush injury to the left femur, deep vein thrombosis, cervical and lumbar spine degenerative disc disease, major depressive disorder, and generalized anxiety disorder. (A.R. 1023, ¶¶ 2-3). The ALJ found that Gates did not have an impairment that met or equaled a listing. (A.R. 1023, ¶4). The ALJ determined that Gates retained the residual functional capacity for sedentary work with occasional pushing and pulling with the left lower extremity; no crawling or

> climbing of ladders, ropes or scaffolds; occasional climbing ramps and stairs, balancing, stooping, kneeling, and crouching; no exposure to vibration or hazards such as unprotected heights or moving machinery; and no interaction with the public. (A.R. 1026, ¶5). Through the date last insured, the ALJ found that Gates was capable of performing her past relevant work as a budget analyst and graphic designer. (A.R. 1032, ¶6). As a result, the ALJ concluded that Gates was not disabled within the meaning of the Social Security Act. (A.R. 1033, ¶7).

(ECF No. 19 at 4.) Plaintiff again requested review by the Appeals Council, which denied review on August 20, 2020. (AR 1011-1017.) This case was then commenced.

## DISPUTED ISSUE

Whether the ALJ erred in accounting for Plaintiff's mental limitations.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court only reverses the Commissioner's decision if its findings are based on legal error or are not supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other ground as recognized in, Sweets v. Kijakazi*, 855 Fed. Appx. 325 (9th Cir. Aug. 9, 2021). As the Supreme Court has stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). Where the evidence is susceptible to more than one rationale interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *See Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002). As such, this Court may not substitute its judgment for that of the Commissioner. *See Jamerson v. Chater*, 112 F.3d 1064, 1065 (9th Cir. 1997). Even when the ALJ commits legal error, the decision will be upheld where that error is harmless. *Treichler v. Comm'r*

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

<sup></sup>

---

*of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). An error is harmless if it is inconsequential to the ultimate nondisability determination. *Id.*

## DISCUSSION

In assessing a claimant's mental impairments, an ALJ is required to evaluate the degree of mental limitation in four areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *See* 20 C.F.R. § 404.1520a(c)-(d). Plaintiff makes a single contention regarding error in this case: She urges that the ALJ erred because even though the ALJ found a moderate mental limitation in adapting or managing oneself, there was no corresponding work-related limitation in the ALJ's residual functional capacity (RFC) finding. Plaintiff further notes that the RFC includes a "no public contact" limitation that accounts for the ALJ's other moderate mental finding concerning interacting with others. Because Plaintiff's past work was of a highly skilled nature, Plaintiff contends that the lack of an RFC limitation for adapting or managing oneself was a material error.

In opposition, the Commissioner points to *Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007).[2] There, the Ninth Circuit upheld an ALJ's determination that "Hoopai's depression was not sufficiently severe such that it significantly affects his ability to work beyond the exertional limitations." *Id.* at 1076. In *Hoopai*, there was substantial evidence in the record to support the ALJ's determination. Two psychological evaluations diagnosed claimant with only "moderately significant forms of depression," and a third found him to be moderately limited in "his ability to perform activities within a schedule, maintain regular attendance, and be punctual

---

[2] The Commissioner also cites *Lacroix v. Barnhart*, 465 F.3d 881, 888 (8th Cir. 2006), in which the Eighth Circuit affirmed an ALJ finding the claimant functioned satisfactorily in the work setting even though a doctor had noted moderate limitations in the ability to respond to work pressures. Given the discussion herein, the Court need not analyze or rely on this decision outside the Ninth Circuit.

with customary tolerance; and his ability to complete a normal workday and workweek without interruption from psychologically-based symptoms . . . ." *Id*. at 1077. The Ninth Circuit stated that it had "not previously held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation." *Id*. The Ninth Circuit affirmed the ALJ's RFC determination that contained only exertional limitations because "substantial evidence supports the ALJ's conclusion . . . ." *Id*.

Here, after discussing Plaintiff's moderate non-exertional limitation in "adapting or managing oneself," the ALJ concluded, "there is insufficient evidence to establish that the claimant's ability to regulate emotions, control behavior, or maintain well-being in a work setting independently, appropriately, effectively, and on a sustained basis were seriously limited." (AR 1025.) In reaching this conclusion, the ALJ cited evidence from 2010 and 2012 that Plaintiff had no anxiety and no depression. (*Id*., citing AR 508, 518) The ALJ also discussed mental health evidence later in the decision and referred to evidence that Plaintiff had normal orientation, affect, demeanor and mood. (AR 1031, citing AR 521.) The ALJ gave significant weight to the opinion of medical expert Dr. Glassmire, who opined that Plaintiff should have no interaction with the public[3], a limitation that the ALJ included in the RFC based in part on Dr. Glassmire's opinion. (*Id;* AR 1031.) Dr. Glassmire also opined that the other paragraph "B" criteria would *not* lead to functional limitations in the work setting: "Q. Okay. Do you have enough information to classify even those with mild social or cognitive deficits lead to any functional limitations in terms of– A. The only limitation that I would recommend would be no interaction with public."

---

[3] Dr. Glassmire recommended inclusion of the "no interaction with public" limitation "based on my knowledge and my experience meeting individuals with depressive disorders. But there's, as I mentioned there's not a lot of information about the severity in the record, so that's a conservative recommendation to be safe." (AR 1048.) Plaintiff has not challenged the ALJ's reliance on Dr. Glassmire's opinions.

(AR 1048.) Thus, substantial evidence supports the ALJ's determination that Plaintiff's mental limitation in adapting or managing herself did not severely limit her ability to do work and did not require an additional non-exertional limitation in the RFC. *See Hoopai*, 499 F.3d at 1077.

So long as an ALJ's interpretation of the record is supported by substantial evidence — which it is here — the Court may not disturb it. *See Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld"); *see generally Biestek*, 139 S. Ct. at 1154 (observing that in the social security context, the threshold for "substantial evidence" is "not high"). Accordingly, Plaintiff has not shown reversible error by the ALJ.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this case with prejudice.

DATED: 9/15/2021

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE